**CONSOLIDATED EQUIPMENT CORP., et al., Plaintiffs,**

v.

**ASSOCIATES COMMERCIAL CORP., et al., Defendants.**

**Civ. A. No. 84–618–S.**

United States District Court, D. Massachusetts.

Jan. 9, 1985.

Jed Berliner, Marullo & Barnes, Boston, Mass., for plaintiffs.

Peter S. Brooks, Gary R. Greenberg, Goldstein & Manello; Richard Renehan, Michael Weisman, Hill & Barlow, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON RENEWED MOTION TO DISMISS OF ASSOCIATES COMMERCIAL CORP.

SKINNER, District Judge.

Plaintiffs were engaged in the business of selling trucks. In this action, the plaintiffs claim that the defendant was negligent in arranging financing for plaintiffs' customers, resulting in a large number of repossessions. Defendant served interrogatories and requests for production of documents on the plaintiffs on March 6, 1984. On April 11, the parties stipulated that the time for responding thereto be extended to June 8, 1984, and further stipulated that there would be no further extensions of time to respond. The plaintiffs did not respond and the defendant moved for dismissal under Fed.R.Civ.P. 37. On June 27, I decided that dismissal was too harsh a remedy at that point but made the following order:

> The plaintiff shall respond to defendants' interrogatories by July 18, 1984 and produce the required documents by August 2, 1984, or the complaint will be dismissed.

On July 12, the plaintiffs filed purported answers to the interrogatories, and on September 14, it filed amended answers.

The document request was for documents referred to in the plaintiffs' answers to specific interrogatories. On August 2, 1984, the plaintiffs offered to permit defendant to inspect their undifferentiated records consisting of 47 file feet of files, which included the documentation for some 4,000 sales of vehicles not segregated as to vehicles for which the defendant was supposed to have arranged financing.

Defendant now renews its motion to dismiss on the ground that these purported responses are so evasive and incomplete as to be nullities, and they further reveal that plaintiffs have no facts in their possession on which to support their claim.

In answers to interrogatories, the plaintiffs say that all the statements of the defendant upon which they base their claims were oral. They list the dates of various conversations with employees of the defendant, but do not identify a single conversation which relates to their claims. In answers to questions concerning a documentary basis for their claims, they simply refer the defendant to the 4,000 undifferentiated files which they claim to have made available.

The responses do not give a clue as to the basis of the plaintiffs' claims that the defendant was negligent, breached its fiduciary duty to the plaintiff and made false representations to it. The particular trans-

actions concerning which it is supposed to have acted improperly are not even identified. The plaintiffs have in effect invited the defendant to try to divine the plaintiffs' case from inspection of their 47 feet of files. These responses are a travesty of discovery under the federal rules and in my view constitute a violation of my order of June 27, 1984.

While dismissal is a serious sanction for discovery violations, in my view it is appropriate in this case because the plaintiff's responses to discovery make it plain that the plaintiffs themselves had no clue as to the factual basis for their claims when this action was commenced. This violates the spirit of the federal rules in general and amended Rule 11 in particular.

Accordingly, the renewed motion to dismiss of the defendant Associated Commercial Corp. is ALLOWED and the complaint is DISMISSED.

The clerk shall forthwith set up a scheduling conference for the prosecution of the defendant's counterclaim.